UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
JOEL NORTON, et al.,           )
                               )
    Plaintiffs,                )
                               )
         v.                    )   NO. 3:10-0932
                               )   Judge Haynes/Bryant
FOX MOVING AND STORAGE OF      )
TENNESSEE, LLC, et al.,        )
                               )
    Defendants.                )
```

**TO: The Honorable William J. Haynes, Jr.**

## REPORT AND RECOMMENDATION

Pending before the Court is plaintiffs' Motion To Remand To General Sessions Court Of Davidson County, Tennessee (Docket Entry No. 10). Defendants have filed a response in opposition (Docket Entry No. 11).

For the reasons stated below, the undersigned Magistrate Judge recommends that plaintiffs' motion to remand be granted.

## Procedural History

Plaintiffs Joel and Sandra Norton, proceeding pro se, filed this action in the General Sessions Court for Davidson County, Tennessee. The General Sessions civil warrant asserts a claim for "breach of contract, unconscionable contract, and fiduciary responsibility failure resulting in loss of personal property of the plaintiffs." (Docket Entry No. 1-1). Defendants removed the case to this Court based upon federal question jurisdiction, 28 U.S.C. § 1331, upon an allegation that the plaintiffs' claims are controlled by the Carmack Amendment to the

Interstate Commerce Act, 49 U.S.C. § 14706 (Docket Entry No. 1 at 2).

Following removal, defendants filed a motion to dismiss or, in the alternative, for a more definite statement (Docket Entry No. 8). The Court granted defendants' motion for more definite statement and ordered plaintiff to file an amended complaint on or before March 30, 2011. The Court denied as moot defendants' motion to dismiss without prejudice to their right to file a similar motion following the filing of plaintiffs' amended complaint (Docket Entry No. 12).

In compliance with the Court's order, plaintiffs filed their amended complaint on March 28, 2011 (Docket Entry No. 16).

According to allegations in the amended complaint, defendant Fox Moving and Storage contracted to pick up plaintiffs' belongings at a Mt. Juliet, Tennessee address and store those belongings at defendant Fox's location at 514 Ash Street, Nashville, Tennessee. According to the amended complaint, defendants moved a portion of plaintiffs' belongings to a new location at 1304 Davidson Street in Nashville without notice to plaintiffs. The amended complaint further asserts that defendant Fox's Davidson Street warehouse was flooded in May, 2010, resulting in the loss of a significant portion of plaintiffs' belongings. Plaintiffs allege breach of contract, unconscionable contract, and negligence of the defendants. Plaintiffs seek money damages for

2

the loss and damage to their property as well as recovery for emotional distress and punitive damages (Docket Entry No. 16).

## **Analysis**

Plaintiffs have filed their motion to remand to the General Sessions Court (Docket Entry No. 10), to which defendants have responded in opposition (Docket Entry No. 11). As grounds for their motion to remand, plaintiffs maintain that at all pertinent times they were residents of Wilson County, Tennessee, and defendants were residents of Davidson County, Tennessee. Therefore, subject-matter jurisdiction of this case cannot be premised upon diversity of citizenship of the parties. In addition, plaintiffs assert that their household goods were packed and loaded onto defendants' vehicle in Wilson County, Tennessee and were moved to the storage facilities of defendant Fox in Davidson County, Tennessee. Accordingly, all transportation that occurred, or was contemplated, pursuant to the agreement between plaintiffs and defendant Fox happened within the state of Tennessee. Plaintiffs argue that the Carmack Amendment pertains only to interstate transportation by a motor carrier. Specifically, plaintiffs argue that the Carmack Amendment applies only to interstate transportation and does not apply to intrastate transportation (Docket Entry No. 10).

In their opposition to motion to remand, which was filed before the filing of plaintiffs' amended complaint, defendants urge

3

that a liberal reading of plaintiffs' General Sessions Court warrant indicates a Carmack Amendment claim, particularly since defendant Fox is a federal motor carrier (Docket Entry No. 11).

Plaintiffs' amended complaint, which includes a copy of the written agreement between defendant Fox and the plaintiffs, clarifies the jurisdictional issue considerably. In fact, this case is factually similar to a recently decided case in this district, <u>Burkett v. Fox Moving and Storage of Tennessee, LLC</u>, 2010 WL 5184828 (M.D. Tenn. Dec. 15, 2010). In <u>Burkett</u>, plaintiff sought to recover for damage to her stairway when agents of the defendant dropped an armoire down the stairs during the course of a move from Nashville, Tennessee to plaintiff's new residence in Pleasant View, Tennessee. Defendant Fox removed the <u>Burkett</u> lawsuit from state court to this court asserting subject-matter jurisdiction premised upon the Carmack Amendment. Following the filing of an amended complaint, plaintiff Burkett filed her motion to remand.

The <u>Burkett</u> court noted that the federal remand statute, 28 U.S.C. § 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The court then analyzed the amended complaint under the "well-pleaded complaint rule" to determine whether it presented a federal question. The court noted that the Sixth Circuit had long held that, "when damages are sought

4

against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." Burkett, 2010 WL 5184826 at *2, citing Am. Synthetic Rubber Corp. v. Louisville & N.R. Co., 422 F.2d 462, 466 (6th Cir. 1970). However, the court noted that the key word in the foregoing sentence is "interstate." Considering the scope of the Carmack Amendment defined in 49 U.S.C. §§ 13501 and 13531, the court found that while the Carmack Amendment does govern claims arising from an interstate contract of carriage, it does not apply to, and therefore does not create federal jurisdiction for, claims arising from the purely intrastate transportation of property. Burkett, 2010 WL 5184826 at *2.

The undersigned Magistrate Judge finds that the court's analysis in the Burkett case controls here. From the amended complaint, it appears that defendant Fox picked up plaintiffs' belongings at an address in Mt. Juliet, Tennessee, and contracted to store those belongings at a location in Nashville, Tennessee. The property never crossed the Tennessee state line, nor was it contemplated by the parties that the property would be transported across the state line when the contract was formed. Accordingly, from the allegations in the amended complaint, the undersigned Magistrate Judge finds that this contract of carriage involved a purely intrastate transportation of property and, therefore, the Carmack Amendment does not apply to this transaction. Moreover, if

5

the Carmack Amendment is inapplicable, the amended complaint does not give rise to a federal question to support subject-matter jurisdiction in this court under 28 U.S.C. § 1331. Therefore, this case is subject to remand to the state court pursuant to 28 U.S.C. 1447(c).

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiffs' motion to remand be **GRANTED**, and that this case be **REMANDED** to the General Sessions Court for Davidson County, Tennessee.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 5th day of April, 2011.

s/ John S. Bryant  
JOHN S. BRYANT

United States Magistrate Judge

7